**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. BANK TRUST, N.A., Trustees for LSF8 )
Master Participation Trust, )
                                          )     Case No.: 2:18-cv-00077-GMN-GWF
                 Plaintiff, )
       vs. )     **ORDER**
                                          )
FODOR FAMILY TRUST; PALO VERDE )
HOMEOWNERS ASSOCIATION, INC., )
                                          )
                Defendants. )
                                          )

Pending before the Court are the Motions to Dismiss, (ECF Nos. 28, 35), filed by Defendants Fodor Family Trust ("Fodor") and Palo Verde Homeowners Association ("HOA"). Plaintiff U.S. Bank Trust, N.A. ("Plaintiff") filed Responses, (ECF Nos. 32, 39), and Fodor and HOA filed Replies, (ECF Nos. 33, 41). For the reasons discussed below, the Court **GRANTS** HOA's Motion to Dismiss.[1]

**I.**     **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 751 Palo Verde Circle #2, Las Vegas, Nevada 89119 (the "Property"). (First Am. Compl. ("FAC") ¶ 8, ECF No. 1). On May 31, 2005, Marian S. Schoenfeld ("Borrower") purchased the Property by way of a loan in the amount of $577,000.00 with Ascent Home Loans ("Ascent"); and Ascent recorded that loan as a deed of trust ("DOT") on the Property. (*Id.* ¶ 10). Borrower subsequently defaulted on the loan, for which Ascent's agent recorded a Notice of Breach and Default and Election to Sell. (*Id.* ¶ 11).

---

[1] Also pending before the Court are the Motions for Summary Judgment, (ECF Nos. 48, 36, 49), filed by HOA, Fodor, and U.S. Bank. Because the Court grants HOA's Motion to Dismiss, (ECF No. 35), the Court **DENIES** as moot the Motions for Summary Judgment.

On September 28, 2007, Household Finance Realty Corporation of Nevada received an assignment of the DOT from Ascent. (*Id.* ¶ 11). Thereafter, on March 25, 2011, HOA began foreclosure proceedings on the Property by filing a Notice of Delinquent Assessment on the Property due to Borrower's failure to meet payment obligations to the HOA. (*Id.* ¶¶ 13–14). Moreover, HOA began those foreclosure proceedings pursuant to Nevada Revised Statutes ("NRS") Chapter 116. (*Id.* ¶¶ 19, 32). HOA then recorded, through its agent, a Notice of Default and Election to Sell on the Property. (*Id.* ¶¶ 15–16). On December 28, 2012, HOA sold the Property by public auction to Palo Verde Circle Trust (the "Circle Trust"); and the Trust recorded the sale with a foreclosure deed on January 2, 2013. (*Id.* ¶¶ 18–19).

Plaintiff received an assignment of the DOT from Household Finance Realty Corporation of Nevada on April 8, 2014. Roughly one year later, on March 26, 2015, the Circle Trust conveyed its title to the Property to Fodor. (*Id.* ¶ 24).

Plaintiff now seeks to challenge the HOA's foreclosure sale of the Property. Plaintiff accordingly filed its initial Complaint, followed by its First Amended Complaint, asserting the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title / declaratory relief; (2) declaratory relief under the Fifth Amendment and Fourteenth Amendment; (3) quiet title under the Fifth Amendment and Fourteenth Amendment; (4) injunctive relief; (5) breach of statutory duty; (6) negligent misrepresentation; (7) breach of contract; and (8) breach of covenant of good faith and fair dealing. (*Id.* ¶¶ 63–142).

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers

materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

HOA argues that the Court should dismiss Plaintiff's Complaint because each named cause of action is time-barred. (Mot. to Dismiss ("MTD") 1:27–2:5, ECF No. 35). Additionally, HOA argues the Court should dismiss Plaintiff's contract causes of action for failure to state a claim. (*Id.* 13:4–14:21). In response, Plaintiff argues that his claims are timely because the statute of limitations "did not begin to run until September 18, 2014," which is the date the Nevada Supreme Court issued its ruling in *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408 (Nev. 2014). (*See* Pl.'s Resp. 11:12–13:3, ECF No. 39). Prior to this ruling, Plaintiff argues that it was not on notice that the alleged tortuous actions of the HOA affected its DOT. (*Id.*).

"The general rule concerning statutes of limitations is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). An exception to the general rule has been recognized in Nevada in the form of the "discovery rule." *Id.* Under the discovery rule, the statutory period

of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action. *Id.*

Here, Plaintiff's application of the discovery rule is misplaced. In concluding that NRS 116 established a true superpriority lien, the court in *SFR* did not create facts supporting a cause of action; rather, *SFR* "did no more than interpret the will of the enacting legislature." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 294 (Nev. 2017) (en banc); *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 383 P.3d 246, 249 (Nev. 2016) (stating that the court's function "is to declare what the law is, not to create the law"). Thus, it was NRS 116's statutory language that placed lenders on notice of their interests being in jeopardy. *See Mitchell v. State*, 149 P.3d 33, 38 (Nev. 2006) (holding that when a court clarifies the law, the clarification applies retroactively). Indeed, courts in Nevada have routinely held that the date of the foreclosure sale is the operative date for the purpose of statute of limitations. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, at 232 (Nev. 2017). The Court therefore rejects Plaintiff's tolling argument and addresses the timeliness of each claim in turn.[2]

**A. Quiet Title**

Quiet Title actions in Nevada are governed by a five-year limitations period. *See* NRS 11.070; *DEUTSCHE BANK NATIONAL TRUST COMPANY, as Tr. for Saxon Asset Sec. Tr. 2007-3, Mortg. Loan Asset Backed Certificates, Series 2007-3, Plaintiff, v. SFR INVESTMENTS POOL 1, LLC, et al., Defendants.*, No. 2:18–cv–00194–GMN–GWF, 2019 WL 1410887, at *4 (D. Nev. Mar. 28, 2019). Here, Plaintiff filed its Complaint more than five

---

[2] Fodor filed its Motion to Dismiss on the ground that Plaintiff's claimed were barred under the doctrines of issue and claim preclusion. Because the Court finds Plaintiff's claims time-barred, as argued in HOA's Motion to Dismiss, the Court need not address Fodor's arguments. Likewise, because the Court dismisses Plaintiff's First Amended Complaint as untimely, and thus with prejudice, the Court **DENIES** Fodor's Motion to Dismiss, (ECF No. 28), as moot.

years after the December 28, 2012 foreclosure sale. Plaintiff's first and third claims for quiet title are therefore dismissed as untimely. (*See* Compl., ECF No. 1) (filed January 12, 2018).

### B. Breach of Statutory Duty

Plaintiff's fifth claim is for "breach of a statutory duty," and Plaintiff bases this claim on NRS 116.1113. (FAC ¶¶ 120–121). When premised upon statutory violations, a three-year limitations period applies. *See* NRS 11.190(3)(a) ("An action upon a liability created by statute, other than a penalty or forfeiture" may only be commenced "[w]ithin 3 years."); *see Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *3 (D. Nev. Jan. 31, 2019). Conversely, wrongful foreclosure actions sounding in tort are subject to Nevada's four-year residual limitations period. NRS 11.220; *see Foothills*, 329 F. Supp. 3d at 1234 ("[T]he four-year catchall limitation is appropriate for a tortious wrongful foreclosure claim."); *Bank of New York v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (same).

Here, Plaintiff's alleged harm resulted from the December 28, 2012 foreclosure sale. (FAC ¶¶ 118–23) ("Plaintiff's predecessor in interest did not know it had to attend the HOA Sale to protect its interest. . . . as an actual and proximate result of HOA's breach, Plaintiff has sustained actual damages . . . ."). Because Plaintiff did not bring its action until more than five years later, Plaintiff's fifth claim is time-barred and dismissed.

### C. Misrepresentation

Plaintiff's sixth claim is for "negligence misrepresentation." (FAC ¶¶ 124–131). However, Plaintiff's allegations assert intentional action to mislead Plaintiff's predecessors. Thus, it is uncertain whether Plaintiff's sixth claim stems from fraud or negligence. (*Id.* ¶¶ 139, 147). Nevertheless, under either theory, Plaintiff's misrepresentation claim is subject to, at most, the three-year limitations period in NRS 11.190(3)(d). Plaintiff alleges that the claimed misrepresentation occurred when "HOA . . . misrepresented to Plaintiff and/or its predecessors

in interest the [December 28, 2012 foreclosure sale] would be subject to [Plaintiff's DOT]." (*Id.* ¶¶ 125–31). Accordingly, because Plaintiff brought this action more than three years after the foreclosure sale at the heart of this claim, it is time-barred and dismissed.

### D. Breach of Contract / Implied Covenant of Good Faith and Fair Dealing

Plaintiff's seventh claim asserts breach of contract, and Plaintiff's eighth claim asserts breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 132–42). These two claims focus on violations of the HOA's Codes, Covenants, and Restrictions ("CC&Rs") that controlled the Property. (*Id.*). NRS 11.190(1)(b) governs these claims because they focus "upon a contract, obligation or liability founded upon an instrument in writing." *Prof-2013-S3 Legal Title Tr., by U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at *7 (D. Nev. May 31, 2018). Consequently, NRS 11.190(1)(b)'s six-year limitations period applies to these claims, which began to run on December 28, 2012 complained-of foreclosure sale. Plaintiff's seventh and eighth claims are thus timely because Plaintiff filed its initial Complaint roughly five years later. *Id.*

Though timely, Plaintiff's seventh and eighth claims fail on their merits. To explain, Plaintiff's contract-based claims arise out of the HOA's CC&Rs, which, according to Plaintiff, "represented a contract" between the HOA and those claiming an interest in property governed by the CC&Rs. (*Id.* ¶¶ 132–42). For Plaintiff's breach of contract claim, Plaintiff therefore must allege: (1) there was a valid contract; (2) the defendant breached the terms of the contract; and (3) the plaintiff suffered damages as a result of the breach. *See Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008). In addition, for Plaintiff's breach of the implied covenant of good faith and fair dealing, Plaintiff must allege: (1) the existence of a contract between the parties; (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) that the

plaintiff's justified expectations under the contract were thereby denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Here, Plaintiff's Complaint fails to allege that it is a party to the contracts that were breached. Specifically, Plaintiff does not allege that it entered into any contract with HOA; instead, Plaintiff alleges it was "an intended beneficiary of [a] contract" created by the CC&Rs. (FAC ¶¶ 132–42). Without more, this allegation fails to show how HOA, through the CC&Rs, clearly intended to benefit Plaintiff as a third-party beneficiary. *See Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 825 (Nev. 1977) (explaining that Nevada law recognizes the status of third-party beneficiary to a contract, but "there must clearly appear a promissory intent to benefit the third party . . . and ultimately it must be shown that the third party's reliance thereon is foreseeable"). Thus, Plaintiff's conclusory allegations alleging an "intended beneficiary" status are insufficient. *See Prof-2013-S3 Legal*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at *7 (dismissing claims for breach of contract and breach of the implied covenant of good faith and fair dealing for failing to adequately allege a status as an "intended beneficiary of the HOA's CC&Rs"). The Court accordingly dismisses Plaintiff's seventh and eighth claims, but without prejudice. Plaintiff may file a second amended complaint to allege additional facts to support these claims.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss the First Amended Complaint, (ECF No. 35), is **GRANTED**. Plaintiff's first, second, third, fourth, fifth, and sixth claims are dismissed with prejudice. Plaintiff's seventh and eighth claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days from the date of this Order to file a second amended complaint. Failure to do so will result in dismissal of those claims with prejudice.

**IT IS FURTHER ORDERED** that Fodor's Motion to Dismiss, (ECF No. 28), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that HOA and Fodor's Motions for Summary Judgment, (ECF Nos. 48, 49), are **DENIED as moot**.

**DATED** this __31__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge